**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **Donna M. Joyce,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.** |
| | ) | |
| **Harvard Community Unit School District #50; Lauri** | ) | |
| **Tobias, in her official capacity as Superintendent of** | ) | |
| **Harvard Community Unit School District #50; and the** | ) | |
| **Board of Education of Harvard Community Unit** | ) | |
| **School District #50;** | ) | |
| | ) | |
| **Defendants.** | ) | **Jury Trial Demanded** |

## COMPLAINT

NOW COMES the Plaintiff, Donna M. Joyce, by and through her attorneys, James T. Harrison and Kristen J. Farr of Harrison Law Offices, P.C., and for her Complaint against the Defendants, Harvard Community Unit School District #50; Lauri Tobias, in her official capacity as Superintendent of Harvard Community Unit School District #50; and the Board of Education of Harvard Community Unit School District #50; states as follows:

### Jurisdiction

1.      Plaintiff's Complaint contains six counts.  Counts I, II and III arise under the Civil Rights Act of 1871, 42 U.S.C. §1983, and the Court has original jurisdiction to hear Counts I, II and III pursuant to federal question jurisdiction under the Civil Rights Act.  Counts IV through VI arise under Illinois law and this Court has pendent jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. §1367, supplemental jurisdiction.

### Parties

2.      At all times relevant hereto, the Plaintiff, Donna M. Joyce, (hereinafter "Plaintiff" or "Joyce"), was an individual adult resident of the City of McHenry, County of McHenry, State of Illinois.

3.      At all times relevant hereto, the Defendant Harvard Community Unit School District #50 (hereinafter "District #50") was a community school district organized pursuant to Illinois law.

4.     At all times relevant hereto, the Defendant Lauri Tobias (hereinafter "Tobias") was an adult resident of the State of Illinois; at all times relevant hereto, Defendant Tobias was employed in her official capacity as the Superintendent of the Defendant Harvard Community Unit School District #50.

5.     At all times relevant hereto, the Defendant Board of Education of Harvard Community Unit School District #50 (hereinafter "Board") was a school board organized pursuant to the provisions of 105 ILCS 5/10-1.

**Facts**

6.     At all times relevant hereto the Plaintiff was employed by the Defendant District #50 as its Business Manager.

7.     Plaintiff's employment was pursuant to a written employment agreement between the Plaintiff and the Defendant District #50.  (A copy of Plaintiff's employment contract is attached hereto as Exhibit "A".)

8.     Paragraph 6 of Plaintiff's contract of employment contains a provision entitled "Discharge for Cause" which provides:

> "In the event of Business Manager's failure to perform and carry out her duties under this Agreement, or for other good cause shown, the Business Manager shall be subject to discharge; provided, however, that notice of the charges against the Business Managers shall have (a) first received written notice of the charges against the Business Manager; (b) not less than ten (10) days written notice of the date set for a hearing upon such charges; and (c) a fair hearing before the Board upon such charges, unless such hearing is otherwise waived in writing by the Business Manager."

9.     During her employment with District #50, Plaintiff observed, reported and/or complained to the Defendant Board and Defendant Tobias about their conduct and the conduct of other District #50 personnel, including:

a.     Failing to post notice of public meetings; conducting public business outside of public meetings; conducting public business without a quorum present; conducting financial business in closed session that should have been conducted in open session; meeting with the City without posting notice of the meetings; and, adding items to the agenda on the night of the meeting without proper notice;

b.     Improper removal of asbestos mastic from District buildings; employing students to remove asbestos mastic from District buildings; and failure to notify the parents that their children had been exposed to asbestos mastic;

c.     Splitting bids to avoid competitive bidding; opening bids that were submitted late; awarding contracts other than to the lowest bidder;

  d.  Failing to pay the prevailing wage to laborers for work performed on public works projects for District #50;

  e.  Misappropriation of funds involving District personnel charging District #50 rent for privately-owned snow removal equipment when snow removal services were already under contract with an outside vendor;

  f.  Embezzlement of money from the District #50 High School.

10. Defendant Tobias repeatedly failed to take appropriate remedial action concerning Plaintiff's complaints/reports of improper and/or illegal conduct committed by Board members and other District #50 employees.

11. On or about December 10, 2010, Plaintiff was subjected to a meeting with Scott Streigel ~ Athletic Director for District #50; Defendant Tobias and others were also present; during the meeting, Streigel verbally attacked and harassed the Plaintiff and subjected her to a public berating in front of subordinates and co-workers; Streigel's conduct was extreme and outrageous.

12. After the meeting, Plaintiff was so emotionally distraught that she contacted the Workers Compensation provider for District #50 and reported the conduct of Scott Streigel; Plaitiff also completed an employee's report of injury form stating that her injury was job-related and due to stress.

13. On December 13, 2010, Plaintiff returned to work, but had to leave by 9:30 a.m. due to stress-related emotional upset relating to the December 10, 2010 meeting.

14. On or about December 21, 2010, Plaintiff's workers compensation claim was denied by the employer's workers compensation provider.

15. Plaintiff utilized her accrued sick leave, provided notes from her physician authorizing Plaintiff to be off work for medical reasons and continued to remain off of work until January 3, 2011.

16. On or about Friday, January 7, 2011, Plaintiff received a negative performance evaluation from the Defendant Tobias.

17. Three days later, on or about Monday, January 10, 2011, Defendant Tobias notified Plaintiff that she was recommending to the Board of Education not to renew Plaintiff's contract as Business Manager for the 2011-2012 school year.

18. On or about January 19, 2011, pursuant to the recommendation of Superintendent Tobias, the Defendant Board of Education voted not to renew Plaintiff's contract for the 2011-2012 school year.

19. Thereafter, on or about January 27, 2011, the Plaintiff was placed on administrative leave by the Defendant Tobias.

20.     On or about March 2, 2011, Plaintiff received a letter from the Defendant Tobias notifying her that the District was investigating Plaintiff's conduct and that Plaintiff was required to attend a pre-disciplinary conference with the Defendant Superintendent and the Defendant District #50 attorneys.

21.     The allegations against the Plaintiff were that she 1) had engaged in misconduct sufficient to constitute the willful neglect of her position, and 2) had engaged in unauthorized shredding of documents and papers from the business office.

22.     On March 16, 2011, Plaintiff submitted to an administrative interview conducted by the Defendant Superintendent and District #50 attorneys concerning the allegations against the Plaintiff.

23.     On March 16, 2011, pursuant to the Personnel Record Review Act, Plaintiff's counsel submitted a request for Plaintiff's complete personnel file to Defendant District #50, including all documents relied upon by District #50 for the disciplinary charges brought against the Plaintiff.

24.     On or about March 21, 2011, the Defendant District #50 responded to Plaintiff's personnel record request and produced documents purporting to be a complete copy of Plaintiff's personnel file; no documents relating to the disciplinary charges alleged against the Plaintiff were produced.

25.     Thereafter, on March 22, 2011, Plaintiff's counsel requested that, prior to the hearing, the Defendants produce 1) all investigatory records pertaining to the alleged misconduct, 2) all statements from complainants and witnesses, and 3) a list of witnesses the District intended to call at the hearing; 4) Plaintiff also specifically requested the production of Superintendent Lauri Tobias for questioning at the hearing.

26.     On March 22, 2011, District #50 responded to Plaintiff's counsel's request for information and claimed not to have any additional documents "to share at this moment."  As for Plaintiff's request for the identification of witnesses to be called at the hearing, District #50 identified Defendant Lauri Tobias and stated only that "other District staff may be presented to testify."

27.     On March 23, 2011, a hearing was held before the Defendant Board regarding the allegations against the Plaintiff, after which the Defendant Board terminated Plaintiff's employment; the Defendant Board's decision was memorialized via letter from Defendant Tobias dated March 25, 2011.

28.     The causal discharge standard set forth in Plaintiff's contract of employment gave Plaintiff a reasonable expectation of continued employment with District #50 in the absence of just cause for her discharge.

29.     No just cause existed for Joyce's discharge from employment.

4

30     The conduct of the defendants occurred under color of law.

**COUNT I**
**First Amendment ~ Free Speech**
**42 U.S.C. §1983**

31-60.   Plaintiff adopts by reference thereto, and incorporates as though fully set forth herein, paragraphs 1-30 of Plaintiff's Complaint as paragraphs 31-60 of Count I.

61.     The First Amendment of the United States Constitution guarantees the Plaintiff freedom of speech.

62.     The Civil Rights Act of 1871, 42 U.S.C. §1983, provides that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress."

63.     Plaintiff's reports and complaints of open meeting act violations, failure to pay prevailing wages, splitting bids to avoid competitive bidding, the exposure of children to asbestos mastic, and the misappropriation and theft of District funds, are all subjects of legitimate public concern which are constitutionally protected by the First Amendment.

64.     Plaintiff's exercise of free speech constituted a substantial or motivating reason for Tobias's recommendation not to renew Plaintiff's annual contract and District #50's subsequent ratification of Tobias's recommendation.

65.     Tobias's allegations of Plaintiff's unsatisfactory work performance were merely a pretext for the nonrenewal of her contract and were motivated by a desire to retaliate or otherwise inhibit the Plaintiff with respect to the exercise of her First Amendment rights.

66.     The Defendants' conduct of recommending the non-renewal of Plaintiff's contract, and of failing to renew the Plaintiff's employment with District #50, in retaliation for Plaintiff's exercise of free speech, and/or as a means to inhibit the free speech of Plaintiff and other District #50 employees, constitutes a violation of Plaintiff's rights under the First Amendment.

67.     At all times relevant hereto, the Defendants acted intentionally and/or with wanton and reckless disregard for the constitutionally protected civil rights of the Plaintiff.

68.     The conduct of the Defendants deprived the Plaintiff of her right to freedom of speech, and resulted in the unlawful termination of Plaintiff's employment.

69.     As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff experienced the loss of wages and other benefits appurtenant to her employment, has sustained

damage to her professional business reputation, and has suffered severe mental anguish and grave emotional distress.

70.     Pursuant to 42 U.S.C. §1983, the Defendants are liable to the Plaintiff for civil damages and other relief for the violation of Plaintiff's constitutional civil rights.

        WHEREFORE, the Plaintiff, Donna M. Joyce, prays this Honorable Court grant judgment in her favor and against the Defendants, Harvard Community Unit School District #50; Lauri Tobias, in her official capacity as Superintendent of Harvard Community Unit School District #50; and the Board of Education of Harvard Community Unit School District #50; as follows:

       a)    For compensatory damages as permitted under 42 U.S.C. §1983, and in an amount in excess of $100,000;

       b)    For an award of Plaintiff's reasonable attorney's fees and costs incurred herein pursuant to 42 U.S.C. §1988;

       c)    For such other and further relief as this Court deems just and proper.

## COUNT II
### 14th Amendment Due Process – Property Interest
### 42 U.S.C. §1983

71-100.     Plaintiff adopts by reference thereto, and incorporates as though fully set forth herein, paragraphs 1-30 of Plaintiff's Complaint as paragraphs 71-100 of Count II.

101.    The Fourteenth Amendment to the United States Constitution guarantees persons, including plaintiff, the right not to be deprived of life, liberty or property without due process of law.

102.    At all times relevant hereto, plaintiff Donna Joyce had an employment contract with District 50 as its Business Manager.

103.    Paragraph 6 of the contract provides Plaintiff will not be discharged as District 50's business manager except for good cause shown.

104.    Plaintiff's contract of employment provided Plaintiff with a reasonable expectation of continued employment for the term of the contract.

105.    Plaintiff's reasonable expectation of continued contractual employment is a substantive property interest.

106.    Pursuant to the contract Plaintiff was entitled to notice, written charges, and a fair hearing before she could be discharged or removed from her employment.

107.    Plaintiff's right to notice, written charges and a fair hearing are the procedural rights to which Plaintiff was entitled under her employment contract.

108.    That Plaintiff did not receive proper notice, the written charges against her were vague and obscure, and the Defendants acted to deny Plaintiff a fair hearing.

109.    The Defendants, by their conduct, deprived Plaintiff of her right to procedural and substantive due process in connection with her property interest in her employment.

110.    The Defendants acted with malice and/or intent to injure the Plaintiff, and/or with reckless disregard for the Plaintiff's federal civil rights.

111.    As a direct and proximate result of the conduct of the Defendants, the Plaintiff has suffered injuries of a personal, professional and pecuniary nature.

112.    The Defendants are liable to the Plaintiff for civil damages and other relief as a result of their violation of Plaintiff's constitutional civil rights.

WHEREFORE, the Plaintiff, Donna M. Joyce, respectfully prays this Honorable Court grant judgment in her favor and against the Defendants, Harvard Community Unit School District #50; Lauri Tobias, in her official capacity as Superintendent of Harvard Community Unit School District #50; and the Board of Education of Harvard Community Unit School District #50; on Count II of the Complaint, as follows:

a)      Award Plaintiff compensatory damages and in an amount in excess of $75,000;

b)      Award Plaintiff her reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and,

c)      Grant such other and further relief as this Court deems just and proper.

**Count III**
**14th Amendment Due Process – Liberty Interest**
**42 U.S.C. §1983**

113-142.      Plaintiff adopts by reference thereto, and incorporates as though fully set forth herein, paragraphs 1-30 of Plaintiff's Complaint as paragraphs 113-142 of Count III.

143.    The Fourteenth Amendment to the United States Constitution guarantees persons, including the Plaintiff, the right not to be deprived of life, liberty or property without due process of law.

144.    At all times relevant hereto, Plaintiff Donna Joyce had an employment contract with District 50 as its business manager.

145.   Plaintiff's employment contract provided that Plaintiff would not be discharged as District 50's business manager except for good cause shown.

146.   Plaintiff's employment contract provided that Plaintiff had the right to notice, written charges, and an impartial hearing prior to being discharged from her employment.

147.   Plaintiff did not receive proper notice, the written charges against her were vague and obscure, and the Defendants failed to provide Plaintiff with a fair hearing.

148.   The retaliatory disciplinary actions brought against the Plaintiff damaged Plaintiff in her business reputation.

149.   Plaintiff had a protectable liberty interest in her business reputation and employment as business manager with District 50.

150.   The damage to her reputation combined with the loss of her employment constitutes a violation of Plaintiff's liberty interest.

151.   The Defendants acted with malice and/or intent to injure the Plaintiff, and/or with reckless disregard for the Plaintiff's federal civil rights.

152.   As a direct and proximate result of the conduct of the Defendants, the Plaintiff has suffered injuries of a personal, professional and pecuniary nature.

153.   The Defendants are liable to the Plaintiff for civil damages and other relief as a result of their violation of Plaintiff's constitutional civil rights.

WHEREFORE, the Plaintiff, Donna M. Joyce, respectfully prays this Honorable Court grant judgment in her favor and against the Defendants, Harvard Community Unit School District #50; Lauri Tobias, in her official capacity as Superintendent of Harvard Community Unit School District #50; and the Board of Education of Harvard Community Unit School District #50; on Count III of the Complaint, as follows:

   a)      Award Plaintiff compensatory damages and in an amount in excess of $75,000;

   b)      Award Plaintiff her reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and,

   c)      Grant such other and further relief as this Court deems just and proper.

**Count IV**
**Retaliatory Discharge**
**Illinois Common Law**

154-183.   Plaintiff adopts by reference thereto, and incorporates as though fully set forth herein, paragraphs 1-30 of Plaintiff's Complaint as paragraphs 154-183 of Count IV.

184.     Illinois common law prohibits the termination of an employee in retaliation for that employee reporting criminal conduct.

185.     Illinois common law prohibits the termination of an employee in retaliation for that employee seeking workers compensation benefits.

186.     That after Plaintiff reported and/or complained about the conduct of the Board, Tobias and other District #50 personnel described herein, Plaintiff was subjected to retaliatory measures by the Defendants, including:

   a)     Publicly berating the Plaintiff in front of subordinates and co-workers;
   b)     Intentionally inflicting emotional distress upon the Plaintiff;
   c)     Intentionally under-rating Plaintiff in her evaluation;
   d)     Failing to afford Plaintiff the opportunity to remediate alleged deficiencies;
   e)     Recommending the non-renewal of Plaintiff's contract with District #50;
   f)     Filing false/frivolous disciplinary charges against the Plaintiff;
   g)     Failing to provide Plaintiff with adequate notice of the charges against her;
   h)     Failing to provide Plaintiff with 10 days written notice of the hearing;
   i)     Failing to provide Plaintiff with notice of the witnesses against her;
   j)     Failing to provide Plaintiff with a fair hearing;
   k)     Failing to provide Plaintiff with an impartial tribunal;
   l)     Failing to provide Plaintiff with a meaningful opportunity to be heard;
   m)     Submitting false testimony at Plaintiff's disciplinary hearing;
   n)     Wrongfully terminating Plaintiff's employment contract;

187.     On March 23, 2011, Plaintiff's employment with the Defendant District #50 was terminated.

188.     That Plaintiff's employment was terminated in retaliation for the Plaintiff's activities of reporting to Defendant Tobias, the unlawful/criminal conduct of the Defendant Board and that of other employees of Defendant District #50, and for Plaintiff's activity of seeking workers compensation benefits as a result of her hostile and offensive working environment.

189.     As a direct and proximate result of Plaintiff's reporting of the unlawful/criminal conduct of the Defendant Board and of certain employees of District #50, and of Plaintiff's seeking workers compensation benefits, Defendant Tobias recommended that the Board not renew Plaintiff's contract of employment.

190.     As a direct and proximate result of Plaintiff's reporting of the unlawful/criminal conduct of the Defendant Board and of other employees of District #50, and of Plaintiff's seeking workers compensation benefits, the Defendant Board terminated Plaintiff's employment.

191.     That Plaintiff's discharge violates a clear mandate of the public policy of the State of Illinois.

192.    That the Defendants are liable to the Plaintiff for civil damages and other relief as a result of their violation of Plaintiff's common law rights.

WHEREFORE, Plaintiff, Donna M. Joyce, respectfully prays this Honorable Court grant judgment in her favor and against the Defendants, Harvard Community Unit School District #50; Lauri Tobias, in her official capacity as Superintendent of Harvard Community Unit School District #50; and the Board of Education of Harvard Community Unit School District #50; on Count IV of the Complaint, as follows:

a.    Find that Plaintiff's activities of reporting the unlawful activity committed by employee(s) of the Defendant District #50 and/or by the Defendant Board were protected by Illinois public policy;

b.    Find that the Plaintiff was discharged in retaliation for her reports of unlawful activity committed by employee(s) of the Defendant District #50 and/or the Defendant Board;

c.    Find that Plaintiff's activity of seeking workers compensation benefits was protected by Illinois public policy;

d.    Find that the Plaintiff was discharged in retaliation for her seeking workers compensation benefits;

e.    Find that the Plaintiff's discharge violated the clear mandate of Illinois public policy;

f.    Reinstate Plaintiff to her rightful position as Business Manager of Harvard Community Unit School District #50, or if reinstatement is not available or is impracticable, that Plaintiff be awarded appropriate front pay;

g.    Award Plaintiff her back wages, retroactive to March 23, 2011;

h.    Award Plaintiff the value of economic benefits appurtenant to her employment with the Defendant Harvard Community Unit School District #50;

i.    Award Plaintiff compensatory damages and in an amount in excess of $75,000;

j.    Award Plaintiff her reasonable attorney fees and her costs incurred in bringing the instant action;

k.    Grant Plaintiff such other and further relief as this Honorable Court deems just and proper and in the interests of justice;

**COUNT V**
**Breach of Contract**
**Illinois Common Law**

193-222.    Plaintiff adopts by reference thereto, and incorporates as though fully set forth herein, paragraphs 1-30 of Plaintiff's Complaint as paragraphs 193-222 of Count V.

223.    At all times relevant hereto, the Defendant District #50 had a contractual duty to refrain from terminating Plaintiff's employment without good cause.

224.    Notwithstanding their contractual duty owed to the Plaintiff, the Defendants terminated Plaintiff's employment without good cause.

225.    Pursuant to her contract of employment with the Defendant District #50, the Defendants had a contractual duty to provide Plaintiff with notice, written charges and a fair hearing before terminating her employment.

226.    Notwithstanding their contractual duty owed to the Plaintiff, the Defendants terminated the Plaintiff's employment without proper notice, based upon vague and unreasonable charges, and without providing Plaintiff with a fair hearing.

227.    As a direct and proximate result of the Defendants' breach of contract, the Plaintiff was caused to suffer damages of a personal, professional, contractual and pecuniary nature.

228.    The Plaintiff is entitled to civil relief and other damages as a result of Defendants' breach of Plaintiff's employment contract.

WHEREFORE, Plaintiff, Donna M. Joyce, respectfully prays this Honorable Court grant judgment in her favor and against the Defendants, Harvard Community Unit School District #50; Lauri Tobias, in her official capacity as Superintendent of Harvard Community Unit School District #50; and the Board of Education of Harvard Community Unit School District #50; on Count V of the Complaint, as follows:

a.    Find that the Defendants breached the employment contract with the Plaintiff by terminating her employment without just cause;

b.    Find that the Defendants breached the employment contract with the Plaintiff by failing to provide Plaintiff with a fair hearing;

c.    Award Plaintiff compensatory damages and in an amount in excess of $50,000;

d.    Award Plaintiff the balance of wages that were due and owing under Plaintiff's contract of employment;

e.    Award Plaintiff the value of economic benefits appurtenant to Plaintiff's employment under her contract of employment;

f.    Award Plaintiff consequential damages suffered by Plaintiff as a result of Defendants' breach of contract;

g.    Grant such other and further relief as this Honorable Court deems just and proper and in the interests of justice.

**Count VI**
**Personnel Record Review Act Violation**
**820 ILCS 40/.01 *et seq.***

229-258.  Plaintiff adopts by reference thereto, and incorporates as though fully set forth herein, paragraphs 1-30 of Plaintiff's Complaint as paragraphs 229-258 of Count VI.

259.    The Illinois Personnel Record Review Act requires an employer to disclose to a requesting employee, "investigatory or security records maintained by an employer" when the "employer takes adverse personnel action based on information in such records."   820 ILCS 40/10(g).

260.    At all times relevant hereto, Plaintiff was an "employee" and Defendant District #50 was an "employer," as defined in the Illinois Personnel Record Review Act, 820 ILCS 40/2.

261.    At all times relevant hereto, the Defendant District #50 maintained a personnel record for Plaintiff Joyce.

262.    On or about March 16, 2011, Plaintiff, through her attorney, requested in writing from Defendants, a complete copy of Plaintiff's personnel record.

263.    On or about March 22, 2011, the Defendant District #50 responded to Plaintiff's personnel record request and produced documents purporting to be a complete copy of Plaintiff's personnel file; no documents related to the disciplinary charges alleged against the Plaintiff were produced.

264.    On March 22, 2011, Plaintiff's counsel requested that, prior to the hearing, the Defendants produce 1) all investigatory records pertaining to the alleged misconduct, 2) all statements from complainants and witnesses, and 3) a list of witnesses the District intended to call at the hearing.

265.    Plaintiff did not receive any additional documents in response to her March 22, 2011 request.

266.    Several witnesses who testified at Plaintiff's hearing had given written statements to the Defendant Tobias; Defendant Tobias initiated adverse personnel action against the Plaintiff based on the information contained in the written statements.

267.    Over objection, the written statements and testimony based on the written statements were admitted into evidence by the Defendant Board at Plaintiff's termination hearing.

268.    At all times relevant hereto, the Defendants intentionally breached their statutory duty to provide Plaintiff with all documents contained in her personnel record, including and specifically those documents related to the employer's disciplinary action against the Plaintiff.

269.    Defendant District #50's failure to provide Plaintiff with all documents related to the disciplinary charges against her violated the Illinois Personnel Record Review Act.

270.    Defendant District #50's failure to provide Plaintiff with all documents related to the disciplinary charges against her was intentional and was not based upon good faith or other reasonable grounds.

271.    As a direct and proximate result of the Defendant's willful failure to provide Plaintiff with all documents related to the disciplinary charges against her, the Plaintiff was caused to suffer damages, including the inability to properly defend herself at the termination hearing before the Defendant Board.

272.    As a direct and proximate result of the conduct of the Defendant District #50, the Defendant is liable to the Plaintiff for civil damages and other relief for their violations of the Plaintiff's statutory rights under the Illinois Personnel Record Review Act.

WHEREFORE, the Plaintiff, Donna M. Joyce, respectfully prays this Honorable Court grant judgment in her favor and against the Defendant District #50 on Count VI of the Complaint, as follows:

a.    Declare that the Defendant, by its acts and/or omissions, violated the Illinois Personnel Record Review Act and is liable to the Plaintiff;

b.    Award Plaintiff her actual damages, pursuant to 820 ILCS §40/12(d)(1);

c.    Award Plaintiff $200 plus costs, pursuant to 820 ILCS §40/12(d)(2);

d.    Award Plaintiff her reasonable attorneys fees incurred in the prosecution of Plaintiff's rights under the Personnel Record Review Act; and,

e.    Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,
Harrison Law Offices, P.C.
By:

s/James T. Harrison
James T. Harrison
Attorney for Plaintiff

Kristen J. Farr, Attorney for Plaintiff
No. 6291541
Harrison Law Offices, P.C.
684 S. Eastwood Drive
Woodstock, Illinois 60098
(815) 338-7773
(815) 338-7738 (Fax)
Atty No. 06207020